

# THE NEW YORK CENTER FOR NEUROPSYCHOLOGY & FORENSIC BEHAVIORAL SCIENCE

N. G. BERRILL, PH.D.
DIRECTOR

J. McCARTHY, M.A., IMHC
ASSISTANT DIRECTOR

J. PIECARA, M.A.
SUPPORT SERVICES COORDINATOR

CLINICAL ASSOCIATES:
R. AMIN, M.D
P. PIECARI, PSY.D.
D. PEART, PH.D
C. VILLANO, PSY D
A. LUGO, PH D.
L. ZEHNER, LMSW
K. LEATRA, M.A
D. OICUPE, LMSW
E. WEISNER, PSY D, J D.
M. TRAMONTIN, PSY D.
J. HOPE, PH D.
C. DIEZ, M.A
D. BURSZTYN, M.S.
M. GARCIA, M A
K. PIECARA, N/R

## SEX OFFENDER EVALUATION

**Name:** MCCLUSKY, Tarquin

**Age:** 42-years-old (DOB: 5/18/64)

**Charge:** Possession & Distribution of Child Pornography

**Date Seen:** 1/17/07

## REASON FOR REFERRAL

This 42-year-old man was seen at this office for a sex offender specific evaluation following his arrest for the possession and distribution of child pornography. Mr. McClusky was referred for this evaluation by Pretrial Officer Scott Kowal, of the Department of Pretrial Services, Southern District of New York.

## EVALUATION MEASURES

- Clinical Interview
- MCMI-III
- Abel Assessment
- New York Forensic Sexual History Questionnaire
- New York Forensic Internet Sexual Activity Questionnaire (NYFISAQ)
- Collateral Information (Complaint)
- Mental Status Examination

26 COURT STREET, SUITE 912, BROOKLYN HEIGHTS, N.Y. 11242 T. (718) 237-2127 F. (718) 237-0831
45 NORTH STATION PLAZA, SUITE 404, GREAT NECK, N.Y. 11021 T. (516) 504-0018
WWW.NYFORENSIC.COM

**CLINICAL INTERVIEW**

Mr. McClusky reported that he was born and raised in New York, by his parents. He informed that his father died in 1980. Mr. McClusky reported that his father worked as a machinist and his mother worked as a telephone operator but retired following a motor vehicle accident. Mr. McClusky informed that he has four sisters and is the fourth born to his parents. He was raised in the Protestant (reformed church) faith.

Mr. McClusky denied a history of abuse/neglect during childhood. He further denied witnessing domestic violence in the home while growing up.

Mr. McClusky reported that he moved out of the family home when he was 20-years old and moved in with his girlfriend, whom is now his wife. He indicated that he currently lives with his 43-year old wife, Kathleen, and their three children, in Hyde Park, New York.

With regard to his family history, Mr. McClusky reported that his mother had "several angioplasties and his paternal uncle abused alcohol. A family history of psychiatric/legal problems was denied.

In terms of his own background, Mr. McClusky described his birth and developmental years as unremarkable. A childhood/adult medical history was denied.

Educationally, Mr. McClusky reported that he graduated from FDR high school and took some college courses at Dutchess County Community College.

Occupationally, Mr. McClusky reported that he works as an automotive mechanic.

In the psychiatric realm, Mr. McClusky reported that prior to his arrest in 2006, he participated in individual therapy (8 sessions in total) to deal with issues related to "anger and guilt." When asked whether he found therapy helpful, he stated, "I didn't get very far." Mr. McClusky denied a history of being prescribed psychotropic medication.

Mr. McClusky denied a history of substance abuse.

Mr. McClusky reported that for the past 20-years, he has been married to Kathleen. He indicated that Kathleen has been diagnosed with Bipolar Disorder and Obsessive/Compulsive Disorder. Mr. McClusky described his marriage as

2

stable and denied a history of having extra-marital affairs. He has three children (Tyson-17yo; Constanza-15yo; and Elias-10yo).

In the legal realm, Mr. McClusky reported that he was arrested in December 2006, for the possession of child pornography. The case is still pending.

With regard to the offense, Mr. McClusky explained that he had joined Yahoo groups and looked at all kinds of pornography. When asked how long he was collecting child pornography, Mr. McClusky stated, "I had some [pictures] mailed to me 1-year ago. I started looking at the old stuff. I chatted online with a girl in her 30's. She put me on a new [mailing] list and recently, I start getting new child pornography." When asked whether he communicated (on the Internet) with individuals who endorsed adults having sex with children, Mr. McClusky stated, "I would feed into it. It could be read that I was into it." When asked why he participated in these conversations, he stated, "I don't know...maybe, for attention."

Mr. McClusky could not recall the amount of child pornography in his possession. Despite the offense, he denied having a sexual interest in children/adolescents. When asked if he masturbated to child pornography, he stated, "Not to the pictures [but] I'd be aroused taking about it."

Mr. McClusky admitted to trading child pornography on the Internet.

When asked if his wife was upset about his arrest, Mr. McClusky stated, "Yes. She knows I have a real problem when I get near a Computer. I need to look at porn...whatever I can find."

## SEXUAL HISTORY

In the psychosexual realm, Mr. McClusky identified himself as heterosexual. He indicated that he reached puberty when he was 13-years old, and first had sexual intercourse when he was 18-years old with a 18-year old female. Mr. McClusky denied a history of sexual abuse.

Mr. McClusky estimated that he has had sexual intercourse with approximately five females throughout his life. He reported that he has engaged in the following sexual activity with sexual partners: intercourse, anal intercourse, oral/genital sex, mutual masturbation and sexual fondling. Mr. McClusky further reported that he has a history of using sexual toys/aids while engaging in sexual relations. These toys/aids include vibrators and pornography.

3

Mr. McClusky reported that he has engaged in phone sex on approximately five occasions with a sexual partner.

Mr. McClusky reported that he visited sex shops on two occasions with his wife. He denied a history of frequenting film booths in sex shops.

Mr. McClusky denied a history of having sex with strangers and/or prostitutes. With regard to a history of having sexual affairs, he indicated that he "cheated once, while dating." Mr. McClusky denied a history of having sex with an individual without their consent. He further denied a history of forcing himself sexually on another individual.

Mr. McClusky denied a history of homosexual encounters and/or a desire to engage in this behavior.

Mr. McClusky denied a history of making obscene phone calls. He further denied a history of using phone sex lines.

When asked what he considered an abnormal sex act, Mr. McClusky stated, "Sex with children, S & M, and bestiality."

Mr. McClusky informed that he first viewed adult pornography when he was 20-years old. He indicated that he has viewed adult pornographic magazines, videos, Internet images and Internet video clips. Mr. McClusky expressed an interest in adult pornography depicting heterosexual activity, group sex, bestiality, and depictions of "nudes." Mr. McClusky reported a history of frequenting pornographic bookstores. He indicated that he last went to a pornographic bookstore "many years ago." Mr. McClusky informed that he last viewed and masturbated to this adult pornography "1-month ago."

Mr. McClusky reported that for "5-hours" per week, he viewed and downloaded both heterosexual and lesbian adult pornographic images and video clips to his work computer. He indicated that he last downloaded this material in December 2006. Mr. McClusky reported that he stored the adult pornography under his e-mail account.

Mr. McClusky reported a history of free memberships to "20 to 30" Internet websites that catered to the dissemination of adult pornography. He denied a history of paying for this material on the Internet.

Mr. McClusky admitted to trading adult pornography via e-mail.

Mr. McClusky admitted to accessing adult chat rooms for sexual purposes on the Internet. He neglected to mention when this behavior began and/or the last time that he engaged in this behavior. Mr. McClusky reported that he engaged in cyber sex with "4 to 5" adult females online. He denied a history of using a web camera and/or other visual technology while engaging in this behavior. Mr. McClusky further denied a history of attempting to meet with any individual that he had cyber sex with online.

Mr. McClusky denied a history of having sex with children/adolescents. While he further denied having a sexual attraction to children/adolescents, he reported a history of having masturbatory fantasies involving adolescents and indicated that he last engaged in this behavior "6-months ago."

Mr. McClusky reported that he first viewed child pornographic images and video clips on the Internet when he was 41-years old and he engaged in this behavior for a period of 1-year. When asked why he engaged in this behavior, Mr. McClusky stated, "It was something different to view." Mr. McClusky reported that he masturbated to child pornography "once every 3-months," and last engaged in this behavior "3-months ago."

Mr. McClusky denied knowingly downloading child pornography from the Internet. He further denied intentionally accessing Websites/Newsgroups to obtain child pornography.

Mr. McClusky admitted to trading child pornography via email. He indicated that he last indulged in this behavior "2-months ago."

Mr. McClusky denied accessing erotic stories involving minors and/or viewing child-modeling websites on the Internet.

When asked whether his Internet sexual activity ever caused him emotional stress, Mr. McClusky stated, "Knowing that I shouldn't be looking at this because I'm married...but I couldn't stop."

Mr. McClusky denied a sexual interest in other paraphilias (i.e., voyeurism, fetishism, sexual sadism, sexual masochism, transvestic fetishism, exhibitionism, Frotteurism).

With regard to having a history of sexual dysfunction, Mr. McClusky stated, "I have lower back problems, so I have problems with erections."

**PSYCHOLOGICAL TEST RESULTS**

# Personality/Psychopathology Assessment

Psychological testing with the MCMI-III* revealed the following:

With respect to Axis I, **clinical syndromes**, results reveal that a major depression characterizes the daily life of this melancholic and moody man. While he depends on others for nurturance, he may also resent his neediness and what he perceives as the undependability of others. Possibly having discharged his anger and then dreading the rebuke and rejection of others, he may have turned his hostility inward, thus contributing intropunitively to self-deprecation, thoughts of death, guilt and feelings of unworthiness. He sees little to brighten his chronic depressive tone. He is filled with self-pity, feels empty and apprehensive, sensitive to humiliation and anticipates the worst. His mood has little reason to lift.

As a part of a more pervasive dysphoria, this insecure and troubled man reports suffering from symptoms that typify a generalized anxiety disorder. Although difficult to determine solely by the MCMI-III, learning that he experiences a host of anxiety symptoms would not be surprising. Expecting the worst, he is likely to perpetuate, if not create the problems he anticipates, setting in motion difficulties that keep alive the concerns that currently underlie his anxious state.

This frequently anxious and depressive man appears to suffer from a variety of physical symptoms (i.e., muscular pains, gastrointestinal difficulties) and preoccupations that point to the presence of a clinical somatoform disorder. Sensitive to social reproval and humiliation and feeling disaffected and alienated, he may experience considerable ill will that he cannot display with psychic impunity. The turmoil and conflict he feels are largely bottled up, expressed partially in displaced form through multiple physical complaints and hypochondriacal concerns over undefined and unconfirmed bodily diseases. Psychodynamically, his complaints appear to be an indirect way of discharging psychic discontent. Moreover, his concern over his bodily defects may be a symbolic displacement of feelings of low self-esteem and self-worth.

The Grossman Facet Scales on this measure are designed to aid in the interpretation of elevations of the clinical personality patterns and severe personality pathology scales by helping to pinpoint the specific personality process that underlie overall scale elevations.

With respect to **personality patterns**, a careful analysis of this man's Grossman Facet Scale scores suggests that the following characteristics are among his

6

most prominent personality features: most notable is his inclination to subordinate his own wishes to a stronger and (he hopes) nurturing person, resulting in the habit of being conciliatory, deferential, and self-sacrificing. He probably believes that it is best to abdicate responsibility, to leave matters to others, and to place his fate in others' hands. In his view, other people are much better equipped to shoulder responsibility, to navigate the intricacies of a complex world, and to discover and achieve the pleasures to be found in the competitions of life.

Also salient is his feeling of isolation and undersirability, further complicated by his tendency to devalue his achievements, which together result in an intensified sense of having been socially derogated and isolated. He tends to be excessively introspective and self-conscious, seeing himself as markedly and negatively different from others, unsure of his identity and self-worth. This alienation he feels from others is thus paralleled by a feeling of alienation from himself.

Also worthy of attention is his habit of judging himself to be valueless, of no account, a person who should be dismissed as insignificant and inconsequential. This adds significantly to the pervasive sadness and disconsolate nature of his psychic make-up. Almost any minor failure can plunge him into a more severe state of disconsolation. Such an even only reinforces his belief that he is unworthy. Similarly, a rather innocuous critical remark may set into motion obsessive worrying and brooding, further intensifying his sense of worthlessness. Even when things are going well, there remains a deep sense of personal inadequacy, a feeling of being deficient in a host of desirable qualities.

*Excerpted from an NCS-generated report.

## Psychosexual Screening

Objective measures on the **Abel Assessment** indicate that Mr. McClusky has a primary sexual interest in grade school girls. Subjective measures, however, reveal that he has a sexual interest in adolescent females. It also appears that Mr. McClusky has a sexual interest in adult females as well as, females younger than grade school age, and males of grade school age and younger.

Mr. McClusky's score on the Cognitive Distortion scale was low indicating that he did not endorse items that reflect the types of rationalizations and/or excuses used frequently by individuals who are sexually involved with/attracted to children. His score on the Social Desirability scale indicates a strong desire to present himself in a socially desirable light.

7

With regard to history of participating in the behaviors examined, Mr. McClusky reported that between the ages of 40 and 42, he engaged in Internet sexual activity 5-hours per week. Specifically, he viewed and downloaded Internet pornography depicting adult females and bestiality. Further, he engaged in voyeuristic behavior (via web cam) on the Internet and also sexual chat with adult females. Mr. McClusky denied that he attempted to meet an individual that he had chatted with online.

With regard to his level of arousal to the behaviors examined, Mr. McClusky reported the following: he finds using Internet sexual materials "highly arousing;" he finds viewing pornography and having sex with strangers "moderately arousing; and he finds masturbating in public, voyeurism, bestiality and making obscene phone calls/writing obscene notes "slightly arousing." All other behaviors were rated within the "disgusting" range of sexual arousal, except for transvestism, having sex with prostitutes, exhibitionism, frotteurism, fetishism/partialism, public masturbation, having sexual affairs, paying for phone sex, and being in the body of the wrong sex, which were all rated "neutral."

With regard to frequency of sexual fantasies involving the behaviors examined, Mr. McClusky reported the following: he "often" has sexual fantasies that involve the use of Internet sexual materials; and "sometimes" has sexual fantasies that involve exhibitionism, masturbating in public, making obscene phone calls/writing obscene notes, having sexual affairs, and having sex with strangers.

Mr. McClusky reports no investigation/arrest for a sexual and/or non-sexual crime.

**NYF Internet Sexual Activity Questionnaire**

A closer examination of Mr. McClusky's Internet sexual activity revealed the following:

### Child Pornography

Mr. McClusky reported that for a period of 1-month, he spent "on average, less than 1-hour" per week downloading child pornographic images and video clips from the Internet to his work computer. He indicated that he engaged in this behavior to trade for adult/other types of pornography, out of curiosity, to cope with stress and to facilitate social relationships on the Internet.

8

Mr. McClusky neglected to indicate the amount of child pornographic images/ video clips downloaded by him. He reported, however, that the child pornography in his possession depicted minor females aged "6-years and older." Mr. McClusky reported that the material depicted sexually explicit behavior between adult males/minor females and adult females/minor females.

Mr. McClusky reported that he downloaded child pornography via e-mail. Mr. McClusky denied purchasing extra hardware/ software to facilitate downloading child pornography.

Mr. McClusky denied attempting to conceal his collection of child pornography. He further denied organizing his collection of this material into particular categories.

Mr. McClusky denied either paying for and/or selling child pornography via the Internet.

Mr. McClusky reported that he viewed child pornography "once a week." He, however, denied masturbating to this material.

Mr. McClusky denied having a "ritual" around downloading child pornography.

Mr. McClusky reported that he traded child pornography via e-mail. He denied providing other people access to his collection of this material and/or posting child pornography to newsgroups and/or bulletin boards on the Internet.

When asked if he ever communicated via IRC for the purpose of trading child pornography, Mr. McClusky stated, "I used Yahoo messenger to chat with women and send them what they want to see. They were sending personal pictures of themselves in exchange for child pornography."

Mr. McClusky denied drinking alcohol and/or using illicit substances while downloading child pornography.

Mr. McClusky denied viewing child pornography prior to his use of the Internet. He further denied viewing non-pornographic images of children/minors for the purpose of sexual gratification.

### Adult Pornography

While Mr. McClusky reported that over a period of "5 to 10-years, he spent approximately "2-hours per week" downloading bisexual adult pornographic images/video clips, as well as pornography depicting heterosexual activity and

9

bestiality. He indicated that the heterosexual material depicted "masturbation, and group sex."

Mr. McClusky neglected to mention the amount of adult pornographic that he downloaded from the Internet.

Mr. McClusky reported that he traded adult pornography via "email and links."

Mr. McClusky indicated that the subject matter of his search for online adult pornography changed over time. He stated, "I started out with hetero., then just moved from subject to subject as I got bored with it."

With regard to his total collection of pornography (both adult and child), Mr. McClusky estimated that approximately 5% of this material constituted child pornography.

## Chat Room Sexual Activity related to Minors

Mr. McClusky denied chatting online in a sexual manner with minors.

## Chat Room Sexual Activity related to Adults

Mr. McClusky reported that he chatting (in a sexual manner) with adults in Yahoo Chat Rooms. With regard to whether he had cyber sex with adults, Mr. McClusky stated, "Not really cyber sex but what arouses them and I would cater to what they wanted to hear."

Mr. McClusky denied that he attempt to meet with adults that he had chatted with online.

Mr. McClusky admitted that he lied about his age while chatting with adult females online. He stated, "Some women wanted to talk to either older or younger men...so in either the 20 or 60-year old [range].

## Impact of Internet Sexual Activity on Daily Living

Mr. McClusky denied that his online sexual activity affected any aspect of his daily life. He indicated, however, that he "always" masturbated while chatting with adult females online.

When asked whether his online sexual activity affected his mood, Mr. McClusky stated, "I always wanted more personal time with my wife, but never got it."

10

**COLLATERAL INFORMATION**

The following information was obtained from the Complaint:

On September 5, 2006, a Postal Inspector working in an undercover capacity posted an advertisement in three Google.com newsgroups, entitled alt.sex.incest, alt.sex.young, and mom son incest (henceforth "the Posting)." The posting stated, in substance, that the poster was seeking videos with young preteen blonde or brunette girls for sale or trade. It also requested that interested parties send email messages to an undercover email address, "miss_marissa33@yahoo.com."

On or about September 9th, Mr. McClusky emailed the undercover email address and inquired what "ages" the undercover address was looking to trade. He also stated that he had "very young to young."

On September 18th, the undercover Inspector e-mailed Mr. McClusky stating that he was "interested in trading." He also asked for a sample of the kind of movies/images Mr. McClusky wanted.

Between September 22nd and approximately December 9th, Mr. McClusky sent approximately 78 images and 12 videos containing child pornography to the undercover address.

On or about October 12th, Mr. McClusky sent the two zip files to the undercover address. These files contained 48 images and 1 video depicting child pornography, including sexually explicit material depicting pre-pubescent minors engaged in sado-masochistic behavior.

On October 24th, the undercover address received an email from Mr. McClusky. This email contained approximately 10 images depicting child pornography. A subsequent investigation revealed that Mr. McClusky had sent this email via a computer at his job.

On or about October 27th, the undercover address received an email from Mr. McClusky asking whether the Inspector had any "experience with kids." On or about October 28th, Mr. McClusky sent another email to the undercover address describing prior sexual experiences with children and asking if the Inspector would allow him to "play with" his purported daughter (whom he had previously described as a minor).

On or about December 9th, Mr. McClusky sent 128 images and 1 video file containing child pornography to the undercover address. Many of these

11

images depicted sexually explicit conduct between prepubescent children. At least one of the video files depicted sexually explicit violence against young children, and at least nine of the images and one of the videos depict victims who are known to law enforcement.

## MENTAL STATUS EXAMINATION

This 42-year old man presented for this evaluation as a casually dressed individual. Mr. McClusky reported that he stands "6' 2," and weighs 230lbs. Mr. McClusky is right-handed.

Mr. McClusky remained alert and oriented during this evaluation. Speech was fluid and goal directed. There was no evidence of unusual thinking or bizarre behavior at this evaluation.

Mr. McClusky described his mood as "depressed;" affect was euthymic.

Symptoms of depression were acknowledged. Suicidal/homicidal ideation was denied. Symptoms related to anxiety were acknowledged. Somatic complaints were denied. Obsessive thoughts/ Compulsive behaviors were denied. Auditory/ Visual hallucinations were denied. Neuropsychologic sequelae were denied.

Overall, Mr. McClusky impresses as functioning in the low average to average range of intelligence; insight and judgment are viewed as poor.

## DIAGNOSTIC IMPRESSION

**Axis I:**
* Adjustment Disorder with mixed anxiety and depression
* R/O Major Depression
* R/O Somatization Disorder (with hypochondriacal features)
* Paraphilia, NOS (Hebephilia)
* Pedophilia, Provisional

**Axis II:** * Dependent, Depressive and avoidant personality features

**Axis III:** * None Reported

**Axis IV:** * Legal problems

**Axis V:** * GAF (Current) = 70

## CONCLUSIONS AND RECOMMENDATIONS

In summary, this 42-year old male was seen at this office for a sex offender specific evaluation owing to his arrest for the possession & distribution of child pornography.

Mr. McClusky reports that prior to his arrest, he participated in short-term individual psychotherapy to deal with issues related to anger and guilt. He reports current symptoms of anxiety and depression.

Mr. McClusky has no history of sexual abuse.

For the past 20-years, Mr. McClusky has been married to Kathleen. They have three children. He describes this marriage as stable.

Mr. McClusky has no criminal history beyond the instant offense.

In the psychosexual realm, Mr. McClusky reports a history of viewing and downloading adult pornography via the Internet. He indicates that he was a member of approximately "20 to 30" websites that catered to the dissemination of this material. Mr. McClusky further admitted to trading adult pornography on the Internet.

Mr. McClusky informs that he accessed adult chat rooms on the Internet and engaged in cyber sex with approximately "4 or 5" adult females online. He denies attempting to meet any of the females that he had cyber sex with online.

Despite admitting to viewing, downloading, trading and masturbating to child pornography via the Internet, Mr. McClusky denies having a sexual attraction to children/adolescents. While he reports that he engaged in online conversations with adults who endorsed inappropriate sexual activity with children, he surmises that he engaged in this activity to get "attention."

Mr. McClusky significantly minimizes his involvement in the instant offense. He indicates that he viewed child pornography because it was "different," and traded this material in exchange for personal pictures of adult females. As per collateral information, however, it is apparent that Mr. McClusky accessed newsgroups that focused on inappropriate sexual activity with minors, became actively involved in trading child pornography via this forum, and further, appears to have instigated communication about having sex with children.

Results of the Abel Assessment reveal that Mr. McClusky has a sexual interest in girls of grade school girls and younger, males of grade school age and younger, and adolescent, and adult females.

As per the Abel Assessment, Mr. McClusky does not present with distorted thinking with regard to adults having sex with minors. His social desirability score on this measure, however, indicates that he has not been completely forthcoming with regard to his sexual history/interests.

Based on the results of this evaluation, it is recommended that Mr. McClusky be viewed as "low to moderate risk" with respect to his dangerousness to the community and "high risk" with regard to inappropriate sexual activity on the Internet.

At this juncture, it is highly recommended that Mr. McClusky participate in sex offender treatment (both group and individual) and that he undergo random polygraph examinations while in treatment. Further, his mental status should be monitored over time.

Finally, it is highly recommended that Mr. McClusky's Internet activity should be monitored while on supervision.

Jennifer A. McCarthy, M.A., LMHC
Assistant Director & Coordinator of
the Sex Offender Program

N.G. Berrill, Ph.D.
Director
NGB/jmc: February 20, 2007

14

# VMC Consulting Service

380 Main Street
Beacon, N.Y. 12508
845 - 838-2331

8 S. Division Street
Peekskill, N.Y. 10566
914 – 737-1977

April 2, 2007

Michael Burke
30 Matthews Street
Goshen, New York 10924

Michael Burke, Esq.:

This is to provide a report concerning Tarquin McClusky, DOB 5/18/1964. Tarquin entered outpatient counseling with this agency on January 30, 2007 in connection to criminal charges being held against him in the United States District Court, Southern District of New York.

Tarquin has attended individual counseling sessions weekly, and additional sessions have been made available on an as needed basis. Tarquin has attended all scheduled appointments. He has been highly motivated throughout his treatment. He continues to be open and honest in examining and addressing all aspects of his intrapersonal social and legal problems. Tarquin demonstrates a cognitive understanding of the impact these problems have had on his life. Tarquin has gained insight and understanding of his sexual addiction as it manifested in his inappropriate internet usage. Tarquin acknowledges his sexual addiction and has and continues to address this addiction in treatment and also in a 12 Step Recovery Program.

Tarquin has expressed deep regret, remorse and responsibility for his addiction. Tarquin has been utilizing a number of sober men from his Recovery Program.

Tarquin's therapy focuses on helping him accept responsibility for his behaviors and thoughts associated with his addiction. In addition, Tarquin also focuses on integrating positive life-management and coping skills in his interpersonal, emotional, social and community environment. Presently Tarquin shows positive and effective integration of these treatment objectives.

Tarquin's social and vocational interactions have been appropriate and within healthy parameters. There has been no therapeutic indication that Tarquin has

possessed, viewed or indulged in any type of pornographic material or activity since entering treatment. Tarquin has therapeutically processed how his past behaviors related to his sexual addiction have contributed to the violation of basic societal conventions and norms concerning sexual attitudes and behaviors. Presently with VMC Consulting Service it is this writer's opinion that Tarquin does not appear to be at risk to return or repeat the offending behaviors.

Tarquin has not had any contact with law enforcement. He has been responsible and consistent in meeting his responsibilities with his pre-trial conditions. Tarquin has effectively utilized his treatment. He has identified and incorporated positive life coping skills. He has made a commitment to conducting his life in a mature and law abiding manner.

It is my hope that Tarquin be allowed to return to his family home, as he has never abused his children, and this will allow him to get the added support needed to ensure his positive changes in his life. It is my opinion that Tarquin does not pose a threat to his family or the community. Tarquin does not exhibit pedophilic tendencies and does not appear to meet the criteria for pedophilia.

It is respectfully requested that the court consider allowing Tarquin to return to his family and continue in the treatment process.

If you or the court needs any additional information, please do not hesitate in contacting me.

Thank you in advance for your consideration.

Sincerely,

Irene Caccese, B.S., CASAC, NCACII